# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE/WAIVER

James Hair and Christopher Witkowski, individually and on behalf of all others similarly situated v. Granite Telecommunications, LLC, Civil Action No. 9:17-cv-81361-DLB, U.S. District Court, Southern District of Florida.

This Settlement Agreement and Release/Waiver (the "Agreement") is entered into by and between: (i) named plaintiffs and class representatives James Hair and Christopher Witkowski ("Plaintiffs"), individually and on behalf of the Settlement Classes they represent (as defined below); and (ii) defendant Granite Telecommunications LLC ("Granite" or "Defendant"), subject to the approval of the United States District Court for the Southern District of Florida, and subject to the additional contingencies set forth herein.  Plaintiff and Defendant are each a "Party" and are hereinafter referred to collectively as the "Parties."

## RECITALS

WHEREAS, on or about December 18, 2017, Plaintiff commenced an action by filing a complaint in the United States District Court for the Southern District of Florida (the "Court"), captioned as: James Hair and Christopher Witkowski, individually and on behalf of all others similarly situated v. Granite Telecommunications, LLC, Civil Action No. 9:17-cv-81361-DLB (the "Civil Action").

WHEREAS, the Civil Action asserted one cause of action stemming from the allegation that Defendant violated the Fair Labor Standards Act of 1938 by failing to pay the Plaintiffs and/or other similarly situated employees overtime compensation;

WHEREAS, the Parties engaged in a thorough exchange of information in order to facilitate a negotiated resolution.  As part of this exchange, Granite produced, and the Plaintiffs reviewed, voluminous electronic data equivalent to hundreds of thousands of pages of documents;

WHEREAS, in preparation for the discussions about a negotiated resolution, Granite assembled and analyzed multiple sources of data relevant to an objective, reasonable assessment of the amount of unpaid overtime compensation that may have been due to Plaintiffs and other similarly situated employees.  Granite also produced the data underlying this analysis to the Plaintiffs, and the Plaintiffs conducted an independent review of this data;

WHEREAS, the Parties conducted full-day, in-person settlement conferences on March 29, 2018 and April 19, 2018;

WHEREAS, the Parties reached a settlement in principle on April 19, 2018 and executed a term sheet memorializing the settlement in principle on May 18, 2018;

WHEREAS, counsel for the Parties engaged in good faith, arms-length negotiations to settle the Civil Action and ultimately reached agreement on the terms and conditions of a settlement on a class-wide basis as set forth herein (the "Settlement");

WHEREAS, Plaintiffs, through their counsel, made a thorough and independent investigation of the facts and law relating to the controversies between the Parties;

WHEREAS, in agreeing to the Settlement embodied in this Agreement, Plaintiffs and their counsel considered: (i) the facts developed during their investigation and the law applicable thereto; (ii) the attendant risks of continued litigation and the uncertainty of the outcome of their claims; (iii) the desirability of permitting the Settlement to be consummated according to the terms of this Settlement; and (iv) the conclusion of Plaintiffs and their counsel that the terms and conditions of this Settlement are fair, reasonable, adequate, and that it is in the best interests of Plaintiffs and the Settlement Class Members (as defined below) to settle their claims against Defendant as set forth herein;

WHEREAS, effective July 1, 2018, Granite will adjust the way in which it pays several categories of employees, including sales representatives working as Senior Regional Account Managers, Industry Account Managers, National Account Managers, Enterprise Account Managers, and Relationship Development Associates. Among other adjustments, sales representatives with these job titles with annual compensation expected to fall below a certain threshold are now receiving supplemental pay for each hour worked in excess of 40 hours per week; and

WHEREAS, Granite denies all allegations of wrongdoing, fault, liability, or damage to Plaintiffs and the Settlement Class Members (as defined below); denies that it has engaged in any wrongdoing; denies that it has committed any violation of law; denies that it has acted improperly in any way; believes that it has acted properly at all times; maintains that it acted reasonably and in good faith at all times; and believes the Civil Action has no merit, but is entering into this Settlement solely because the proposed Settlement would eliminate the burden, risk, and expense of further litigation;

NOW THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party to the other, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs (individually and on behalf of each of the Settlement Class Members) and Defendant, subject to the final approval by the Court and the other conditions set forth herein, Plaintiffs' and the Settlement Class Members' claims against Defendant shall be settled, compromised, and dismissed, with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions hereafter set forth.

## TERMS AND CONDITIONS

### DEFINITIONS

1.      Capitalized terms used in this Agreement shall have the meanings ascribed to them therein. In addition, the following capitalized terms shall have the meanings specified below:

(a) "Administrator" is the third-party administrator charged with administering this Agreement, in concert with the Parties and their counsel. The Parties have selected Rust Consulting to act as Administrator. The Parties agree that the Administrator shall act as the agent for Defendant in holding and disbursing funds from the Settlement Account.

(b) "Civil Action" means the action captioned James Hair and Christopher Witkowski, individually and on behalf of all others similarly situated v. Granite Telecommunications, LLC, Civil Action No. 9:17-cv-81361-DLB (the "Civil Action"), pending in the United States District Court for the Southern District of Florida.

(c) "Settlement Classes" means: (1) the "FLSA Settlement Class" to be certified for settlement purposes only pursuant to the Fair Labor Standards Act of 1938; and (2) the "State Law Settlement Class" to be certified for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Parties agree to the certification of the Settlement Classes solely for purposes of the Settlement of the Civil Action, and the agreement of the Parties to certification of the Settlement Classes shall not be used for any purpose whatsoever in any proceeding other than the Civil Action, including but not limited to any other action asserting the same or similar claims or causes of action. Should the Court deny approval of this Settlement, such stipulation of class certification shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether certification would be appropriate in a non-settlement context. Defendant expressly reserves its right to oppose any motion for class certification should this Settlement not become final.

(d) "FLSA Settlement Class" means: (1) any and all persons employed by Granite in an Eligible Position for the applicable Eligible Period, and (2) any and all persons who filed an opt-in consent form in the Civil Action on or before April 19, 2018.

(e) "State Law Settlement Class" means any and all members of the FLSA Settlement Class employed by Granite subject to the laws of Florida, Illinois, Massachusetts, New York, Pennsylvania, Rhode Island, or Texas at any time during the applicable Eligible Period, unless removed from the State Law Settlement Class by timely opting-out of the Settlement.

(f) "Eligible Position" means a salaried Senior Regional Account Manager, Industry Account Manager, Senior Industry Account Manager, National Account Manager, Senior National Account Manager, Enterprise Account Manager, Enterprise Client Manager, Senior Enterprise Client Manager, Relationship Development Manager, Senior Relationship Development Manager, or Relationship Development Associate in Defendant's sales or network integration organizations who sold and/or attempted to sell voice and/or data communications products or services and who earned less than $100,000 gross earnings from salary and commissions in a calendar year.

(1) For purposes of determining whether a Settlement Class Member has less than $100,000 gross earnings from salary and commissions in a calendar year, gross earnings in each of the calendar years 2014 (as applicable pursuant to paragraph 12(a)(1)(i) below), 2015, 2016, 2017, and 2018 shall be considered separately and independently.

(2) For purposes of determining whether a Settlement Class Member has less than $100,000 gross earnings from salary and commissions in a calendar year for the period between January 1, 2018, and July 1, 2018, the relevant threshold shall be total gross earnings of $50,000.

(g) "Eligible Period" means:

(1) for those Settlement Class Members who filed an opt-in consent form in the Civil Action on or before April 19, 2018, the period dating <u>from</u> three years prior to the filing of such Settlement Class Member's opt-in form in the Civil Action <u>through</u> July 1, 2018.

(2) for Settlement Class Members not subject to section 1(g)(1), *supra*, and who worked as Enterprise Client Managers, Senior Enterprise Client Managers, Relationship Development Managers, or Senior Relationship Development Managers, the period dating <u>from</u> June 1, 2015 <u>through</u> January 1, 2017.

(3) for Settlement Class Members not subject to section 1(g)(1) or section 1(g)(2), *supra*, the period dating <u>from</u> June 1, 2015 <u>through</u> July 1, 2018.

(h) "Settlement Class Representatives" means the named plaintiffs in the Civil Action, James Hair and Christopher Witkowski.

(i) "Settlement Class Members" means Plaintiffs and each and every member of the Settlement Classes.

(j) "Participating Settlement Class Members" means Settlement Class Members who timely submit valid and complete claim forms included in the Notice Packet (as defined in paragraph 5(a)(1) below).

(k) "Participating FLSA Settlement Class Members" means members of the FLSA Settlement Class who timely submit valid and complete claim forms included in the Notice Packet (as defined in paragraph 5(a)(1) below).

(l) "Settlement Account" means the settlement account controlled by the Administrator at a federally insured bank, mutually acceptable to the Parties and to the Administrator, into which the Gross Settlement Amount is or will be deposited.  No other funds shall be commingled within the Settlement Account.

(m) "Settlement Class Releasors" means Plaintiff, the Participating FLSA Settlement Class Members, the members of the State Law Settlement Class, and their respective heirs, administrators, executors, employees, subcontractors, successors, and assigns.

(n) "Releasees" and "Released Parties" means Granite Telecommunications, LLC, and each of its members, divisions, subsidiaries, affiliates, sibling entities, investors, predecessors and successors, current and former owners, directors, officers, fiduciaries, insurers, employees, attorneys, representatives, agents and all other related entities, and each of their members, divisions, subsidiaries, affiliates, sibling entities, investors, predecessors and

successors, current and former owners, directors, officers, fiduciaries, insurers, employees, attorneys, representatives, and agents.

(o) "Released Claims" means all claims released as set forth in paragraph 13, below.

(p) "Prohibited Action" means any action or proceeding (regardless of jurisdiction or venue) seeking any form of relief, recovery, or remedy, whether legal, equitable or otherwise, brought on an individual basis, a group or collective basis, or on a class-wide basis or on any other putative or purported "representative" basis (including, but not limited to, any claims brought on a "representative," "derivative" and/or "private attorney general" basis), against any of the Releasees in any way relating to, based upon, or arising out of the Released Claims.

(q) "Effective Date" means the first business day following the date the Court's Final Approval of the Settlement is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for re-argument, appeal, or review, by certiorari or otherwise, has expired (*i.e.*, thirty (30) days from final approval). The Parties, other than any absent class member who makes a timely objection, agree to waive all rights to appeal upon entry of a Final Judgment and dismissal of the case with prejudice.

(r) "Final Judgment" means the Order that the Parties agree to seek, following the execution of this Agreement, resulting in the dismissal with prejudice of all claims against Defendant in the Civil Action.

(s) "Settlement Class Counsel," or "Plaintiff's Counsel," means the firm of Feldman Williams, PLLC, including attorneys Mitchell L. Feldman, Esq., and Benjamin Williams, Esq.

(t) "Gross Settlement Amount" means the cash amount of seven hundred and fourteen thousand, nine hundred dollars and fifty cents ($714,900.50) to be paid by Defendant in connection with the Settlement, and which shall include, without limitation, attorneys' fees (subject to approval by the Court); all interest, liquidated and/or multiple damages; costs; and all cash distributions to the Participating Settlement Class Members (including incentive payments to the Settlement Class Representatives, subject to approval by the Court). The Gross Settlement Amount does not include: (1) the employer's share of payroll taxes on the part of the settlement funds attributable to wages, which Granite shall pay separately from the Gross Settlement Amount; and (2) the administrative costs associated with the Settlement to be paid to the Administrator, which Granite shall pay separately from the Gross Settlement Amount.

## SETTLEMENT AMOUNT

2. **Settlement Amount**. Granite will pay the Gross Settlement Amount as consideration for the dismissal of the Civil Action with prejudice and the Released Claims. The Gross Settlement Amount shall be Defendant's total obligation to Settlement Class Counsel, the Settlement Class Members, and Plaintiffs. Defendant may not be called upon or required to contribute additional monies above the Gross Settlement Amount under any circumstances

whatsoever.  Plaintiffs and the other Settlement Class Members affirm that the Gross Settlement Amount compensates them fully for all Released Claims as set forth in Paragraph 13, below.

In separate agreements, to which the only parties are Granite and the Plaintiffs, the Plaintiffs have agreed to a general release of all claims they may have against Granite in exchange for a payment of $3,500 each (for a total of $7,000).  This $7,000 payment is entirely separate from, and does not constitute a portion of, the Gross Settlement Amount.

3. **Distribution of Settlement Amount**.  The Gross Settlement Amount will be distributed in the following manner.

(a) Contingent on receipt by the Administrator of a completed IRS Form W-9 from Settlement Class Counsel, Court-approved attorneys' fees and litigation costs will be paid to Settlement Class Counsel.  Defendant will not oppose a request by Settlement Class Counsel for an award of costs and fees up to a total of 30% (thirty percent) of the Gross Settlement Amount.  Any attorneys' fees and litigation costs awarded by the Court shall be paid from the Gross Settlement Amount and shall not increase the total amount paid by Defendant above the Gross Settlement Amount.

(b) The Administrator will be responsible for disseminating notices to Settlement Class Members, distribution of attorneys' fees, distribution of payments to Participating Settlement Class Members, calculating the employee share of payroll tax withholdings and payment of such withholdings to the appropriate taxing authorities, calculating the employer's share of payroll tax liability, and all tax reporting related to the settlement payments.

(c) Any Court-approved incentive payments will be paid to Settlement Class Representatives and any Settlement Class Members who filed opt-in consent forms in the Civil Action on or before April 19, 2018.  Defendant will not oppose a request by the Settlement Class Representatives for an incentive payment of up to $5,000 each (for a total of $10,000).  Defendant will not oppose a request by any Settlement Class Members—other than Plaintiff— who filed opt-in consent forms in the Civil Action on or before April 19, 2018 for an incentive payment of up to $2,500 each (for a total of $32,500).  Any incentive payments awarded by the Court shall be paid from the Gross Settlement Amount and shall not increase the total amount paid by Defendant above the Gross Settlement Amount.

(d) The "Net Settlement Amount" is that portion of the Gross Settlement Amount remaining after the payments referenced in paragraphs 3(a) and 3(c).  The Net Settlement Amount will be distributed to Participating Class Members.  The amounts distributed to Participating Settlement Class Members shall be paid out 1/2 (one-half) as W-2 wages and 1/2 (one-half) as 1099 "other income." (The Notice of Proposed Class Action Settlement ("Notice") and Claim Form are attached hereto as Exhibit A.  The Notice and Claim Form are referred to together as the "Notice Packet.")

(e) Any portion of the Net Settlement Amount not distributed to the Participating Settlement Class Members in accordance with paragraph 3(d) above shall be retained by Defendant and will remain Defendant's sole and exclusive property, up to a

maximum of 1/2 (one-half) of the Net Settlement Amount.  The Administrator shall pay the portion of the Net Settlement Amount that remains Defendant's sole and exclusive property pursuant to this paragraph to the Defendant after the expiration of the time period specified in paragraph 12(f).

       (f)     If the Participating Class Members claim less than 1/2 (one-half) of the Net Settlement Amount, then 1/2 (one-half) of the Net Settlement Amount will remain Defendant's sole and exclusive property pursuant to paragraph 3(e) above.  Any remaining portion of the Net Settlement Amount that (1) is not claimed by the Participating Settlement Class Members, and (2) is not returned to the Defendant pursuant to paragraph 3(e) above, shall be redistributed among the Participating Settlement Class Members pursuant to the formula specified in paragraph 12, *infra*.

       (g)     It is expressly understood among the Parties that the Settlement will be on a "claims-made" basis, meaning that the Parties agree, covenant, and represent that the payments to be distributed according to paragraph 3(d) above shall be distributed only to Participating Settlement Class Members.

## SETTLEMENT APPROVAL PROCEDURES

    4.    **Contingency of Agreement**.  This Agreement will become final and effective only upon the occurrence of all of the following events: (a) this Agreement is executed by Plaintiff, Defendant, and Settlement Class Counsel; (b) the Court approves the material terms of the Settlement as set forth in this Agreement and enters, without material change, the Preliminary Approval Order attached to the Motion for Preliminary Approval; (c) the Notice Packet is sent to the Settlement Class Members by the Administrator; (d) Settlement Class Members are afforded an opportunity to file written objections or opt-out of the Settlement, as applicable, within the forty-five (45) days after mailing of the Notice Packets; and (e) the Court holds the Fairness and Final Approval Hearing and enters, without material change, the Final Approval Order attached as Exhibit B.

    5.    **Settlement Approval Procedures**.  This Settlement requires approval by the Court in the Civil Action.  The Parties agree to the following steps in the sequence set forth below to effectuate the Settlement and to obtain Court approval.  The Parties and their attorneys agree to cooperate fully and to use all reasonable efforts and due diligence to effectuate the terms and conditions of this Agreement, including the execution of all necessary documents, in order to obtain approval of the Settlement.

       (a)     **Preliminary Approval**.

          (1)     Promptly after the execution of this Agreement by the Parties, Settlement Class Counsel shall prepare a Motion for Preliminary Approval of the Settlement, subject to review and approval by Defendant's counsel.  Settlement Class Counsel agrees that they will file the Motion for Preliminary Approval with the Court no later than June 21, 2018. The Preliminary Approval Motion also shall seek approval of the Notice Packet, substantially in the form attached as Exhibit A to this Agreement.  The Notice shall inform Class Members of their opportunity to submit a Claim Form and/or object to the Settlement, set forth the Claim

Form and objection deadlines, and describe the scope of the Released Claims. The Notice will also provide the date and location of the Final Approval Hearing (once that date is set by the Court). The form, content, timing, and all other aspects of the Notice will be negotiated and agreed upon by the Parties.

(2)    The Parties agree that, on the same day that the Motion for Preliminary Approval is filed, Settlement Class Counsel shall file, pursuant to Federal Rule of Civil Procedure 15(a)(2), an amended complaint in the Civil Action. The amended complaint shall be identical in substance to the original complaint filed in the Civil Action, except that it will add to the pending FLSA claim putative class action claims on behalf of current and former Granite employees who work and/or worked in an Eligible Position under the laws of the following states: Florida, Illinois, Massachusetts, New York, Pennsylvania, Rhode Island, and Texas. Settlement Class Counsel agree to provide Defendant's counsel with a draft of the amended complaint for Defendant's review and consent. The Parties hereby stipulate and agree that, if the Court issues an order finally approving the Settlement as contemplated in paragraph 5(b) below, this action will be dismissed with prejudice in accordance with paragraph 15 below, and Granite will not be required to file an answer to the amended complaint. If for any reason: (1) the Court denies the request for the preliminary approval order contemplated in paragraph 5(a)(1) above; or (2) the Court does not issue an order finally approving the Settlement as contemplated in paragraph 5(b) below, Settlement Class Counsel shall withdraw the amended complaint, and neither Defendant's consent to the filing of the amended complaint nor Settlement Class Counsel's withdrawal of the amended complaint pursuant to this paragraph 5(a)(2) shall have any bearing on the merits of any subsequent motion or effort to amend the operative complaint in the Civil Action.

(3)    In conjunction with the filing of the Motion for Preliminary Approval, Counsel for the Parties will communicate with the clerk of the Court and make any further filings necessary to secure the approval of the Motion for Preliminary Approval. If requested by the Court, the Parties shall cooperate to schedule a hearing regarding the Motion for Preliminary Approval of the Settlement.

(4)    This Agreement shall become null and void in the event that the Court fails to enter the Order of Preliminary Approval in substantially the same form agreed to by the Parties, or such order is subsequently modified in any material respect. However, the Parties agree to use reasonable efforts and work cooperatively to attempt to address any concerns raised by the Court, provided that they do not change the material terms of the Parties' Agreement. If preliminary approval is not granted, this Agreement shall not be deemed to prejudice in any way any of the Parties' rights, and the Parties shall be restored to their respective positions in the Civil Action, as they existed immediately prior to the execution of this Agreement. Further, if preliminary approval is not granted, the Settlement, the Agreement, and the terms contained herein may not be used for any purpose whatsoever in the Civil Action or any other lawsuit.

(b)    **Final Approval**. Settlement Class Counsel shall prepare a Motion for Final Approval of the Settlement, which will be consistent with the terms of this Agreement and subject to review and approval by Defendant's counsel. The Motion for Final Approval of the Settlement shall seek approval of the terms of this Agreement, certification of the FLSA

Settlement Class pursuant to the Fair Labor Standards Act of 1938, certification of the State Law Settlement Class pursuant to Federal Rule of Civil Procedure 23, and entry of an Order of Final Approval, substantially in the same form as attached hereto as Exhibit B.  Settlement Class Counsel shall provide a draft of the Motion to Defendant's counsel for review no later than fourteen (14) days in advance of the Fairness and Final Approval Hearing, or if the Court directs that the Motion for Final Approval be filed on another date, no later than fourteen (14) days in advance of the date on which it must be filed.  Settlement Class Counsel shall file the Motion for Final Approval with the Court no later than seven (7) calendar days in advance of the Fairness and Final Approval Hearing, or by such other date as the Court may direct.

(c) **Petition for Attorneys' Fees and Costs**.  Settlement Class Counsel may petition the Court for an award of attorneys' fees and costs, to be paid from the Gross Settlement Amount, not to exceed 30% (thirty percent) of the Gross Settlement Amount.  Any such petition shall be filed with the Parties' Motion for Final Approval of the Settlement.  Defendant will not oppose Settlement Class Counsel's petition for such an award of 30% (thirty percent) of the Gross Settlement Amount.

(d) **Petition for Incentive Payments**.  Settlement Class Counsel may petition the Court for an award of incentive payments, to be paid from the Gross Settlement Amount, for Settlement Class Representative and any Settlement Class Members who filed opt-in consent forms in the Civil Action on or before April 19, 2018.  Defendant will not oppose a request by Settlement Class Representatives for an incentive payment of up to $5,000 each (for a total of $10,000).  Defendant will not oppose a request by any Settlement Class Members—other than Plaintiffs—who filed opt-in consent forms in the Civil Action on or before April 19, 2018 for an incentive payment of up to $2,500 each (for a total of $32,500).

<u>SETTLEMENT ADMINISTRATION PROCEDURES</u>

6. **Settlement Class List**.  Within fifteen (15) days of receiving an Order of Preliminary Approval of the Settlement from the Court, the Administrator will receive from Granite a spreadsheet that contains: (i) the names of the Settlement Class Members; (ii) their last known residential addresses; (iii) their Social Security numbers; (iv) the gross share of the Net Settlement Amount due to each Settlement Class Member; and (v) information, if any is reasonably known, pertaining to any current wage garnishment order, support order, tax lien or other court/governmental order impacting wage payments to any of the Settlement Class Members (the "Settlement Class List").  The Administrator will keep this data confidential and use it only for purposes of performing its duties to the Settlement Class Members.  The Settlement Class List—including all of the information disclosed to the Administrator except for the Social Security numbers of the Settlement Class Members—shall be disclosed to Settlement Class Counsel but shall not be disclosed to Plaintiff or any of the Settlement Class Members.  The Settlement Class List shall not be used for purposes other than effectuating this Settlement in this Civil Action.  At the conclusion of the administration of this Settlement, the Administrator shall destroy the Settlement Class List and all electronic and paper copies of the Settlement Class List.

7. **Mailing of Notice Packets**.

9

(a)     The Administrator will effectuate mailing of the Notice Packets.  The Administrator will send the Court-approved Notice Packets by first class mail to Settlement Class Members within twenty-five (25) days of receiving the Order of Preliminary Approval of the Settlement.  Unless a Notice Packet is returned to the Administrator by U.S. Postal Service as undeliverable, each Notice shall be deemed received by the Settlement Class Member to whom it was sent, and the date of mailing shall control calculation of the claim deadline.

(b)     With regard to any Notice Packets that are returned to the Administrator as undeliverable, the Administrator will use reasonable efforts to locate a current residential address and, if a current residential address is located, shall promptly re-mail the settlement documents.  These reasonable efforts shall include:

(1)     Prior to the initial mailing of the Notice Packets, the Administrator shall cross-reference the Settlement Class Members names and addresses with the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service.  The NCOA contains requested changes of address filed with the U.S. Postal Service.  In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA will be utilized in connection with the mailing of the Notice Packet.

(2)     If any Notice Packets are returned to the Administrator with forwarding addresses attached or included on the returned Notice Packet, the Administrator shall re-mail a Notice Packet to the forwarding address.

(3)     For any Notice Packets returned to the Administrator as undeliverable, the Administrator shall perform an address trace using the Class Member's name, previous address, and Social Security Number to attempt to locate an updated address.  If an updated address is located, the Administrator will re-mail a Notice Packet to the updated address.

(4)     If the Notice Packets of any Settlement Class Members remain undeliverable after the Administrator takes the steps identified in paragraphs 7(b)(1)-(3) above, the Administrator shall place one telephone call to the Settlement Class Members whose Notice Packets were undeliverable.  Granite shall use reasonable efforts to locate and provide a telephone number for each Settlement Class Member the Administrator identifies as eligible to receive such a telephone call because his or her Notice Packet remained undeliverable after the Administrator took the steps identified in paragraphs 7(b)(1)-(3) above.

(5)     The Settlement Class Members who were subject to additional locating efforts shall have an additional fifteen (15) days from the conclusion of the notice period to file their claims.

(6)     The Administrator will create a website for the purposes of allowing Settlement Class Members to file their claims electronically.

8.     **Reminder Mailing**.  Twenty-one (21) days after the initial mailing, the Administrator shall send postcard reminders to Settlement Class Members who

have not returned a Claim Form or timely submitted a request to opt-out by that date, which postcard shall inform the Settlement Class Members how to obtain a Claim Form by contacting the Administrator by telephone, internet, or mail.

9. **Communication with Settlement Class Members**.

(a)     Except for the communications specified in paragraphs 7 and 8 above, no other communications regarding the Settlement shall be sent by the Parties or their counsel to the Settlement Class Members.  Settlement Class Counsel shall not be barred by this provision from communicating with Plaintiff or any persons who filed an opt-in consent form in the Civil Action on or before April 19, 2018, nor shall Settlement Class Counsel be barred from responding to inquiries they may receive from Settlement Class Members.

(b)     Notwithstanding the forgoing limitation in paragraph 9(a), nothing in this Settlement Agreement shall be construed to prevent Defendant from communicating with its current employees—including Settlement Class Members—about any matter.  Nor shall the forgoing limitation in paragraph 9(a) or anything in this Settlement Agreement be construed to prevent Defendant from responding to inquiries it may receive from Settlement Class Members about any matter.  Defendant agrees not to discourage any Settlement Class Member from participating in the Settlement, and to include in any communications about the Settlement with its current employees that it will not retaliate against the Settlement Class Members.

10. **Claim Forms**.

(a)     The Claim Form will include a specific release consistent with the Release contained in paragraph 13, below.

(b)     Settlement Class Members will have forty-five (45) days from the date the Notice Packets are mailed to return their completed Claim Form or written objection to the Administrator.  In order to be valid and effective, a Claim Form must be unaltered, signed, dated, and postmarked within forty-five (45) days after the first mailing of the Notice Packets by the Administrator.  Upon receipt of an unsigned, untimely, incomplete, or altered form, the Administrator shall apprise Settlement Class Counsel, counsel for the Defendant, and the individual who returned the form of its deficiency and provide such individual with a substitute form that the individual may use to cure the deficiency within ten (10) days or within the original forty-five (45) day claim period, whichever time period is longer.  A Claim Form that remains unsigned, untimely, incomplete or altered after the time period set forth herein shall be void. The Parties agree to allow the Administrator to resolve any challenges regarding the validity of any Claim Form made pursuant to this paragraph and to make a final and binding determination on all issues presented by any such challenges without hearing or right of appeal.

(c)     The submission of a valid and effective Claim Form by a member of the FLSA Settlement Class shall be deemed to be appropriate consent in writing to join the Civil Action pursuant to 29 U.S.C. § 216(b).

(d)     **Objections**.  Settlement Class Counsel and the Settlement Class Representatives agree that they will not object to this Settlement.  Objections from Settlement

Class Members must be postmarked no later than fourteen (14) days prior to the Fairness and Final Approval Hearing, in writing, and include a statement of the objection, as well as the specific reasons the Settlement Class Member is objecting to the Settlement.  The objection also must include his or her full name, dates of employment at Granite Telecommunications, LLC, address, and telephone number.  In addition, the objecting Settlement Class Member must personally sign the objection.  The Administrator shall provide copies of each objection received to the Parties' counsel within two (2) business days of receipt of such objection.  To the extent Settlement Class Counsel receives objections, they agree to provide copies of each objection received to Defendant's counsel within two (2) business days after receiving the objection.

(e)     **Opt-outs**.  A person who meets the criteria for membership in the State Law Settlement Class may elect to opt-out and be excluded from the State Law Settlement Class.  To opt-out, any such election must be made in writing and sent to the Administrator so that it is received by the Administrator on or before forty-five (45) calendar days after the date Notice Packets are mailed to the Settlement Class Members.  Any person who meets the criteria for membership in the State Law Settlement Class who elects to opt-out: (1) shall not have any rights under this Settlement Agreement; (2) shall not be entitled to receive a payment under the Settlement pursuant to paragraph 12, below; and (3) shall not be bound by this Settlement Agreement, any orders of the Court approving the Settlement, and any final judgment entered by the Court in the Civil Action.

(f)     **Binding Effect of Settlement**.  All Participating Settlement Class Members and all members of the State Law Settlement Class will be bound by the terms and conditions of this this Settlement Agreement (including the release set forth in paragraph 13 below), any orders of the Court approving the Settlement, and any Final Judgment entered by the Court in the Civil Action, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement.

### SETTLEMENT FUNDING AND DISTRIBUTION OF PAYMENTS

11.     **Funding of Settlement**.

(a)     **Funding Date**.  No later than seven (7) days of the Final Approval Order, (the "Funding Date"), Defendant shall deposit the Gross Settlement Amount into the Settlement Account established by the Administrator pursuant to paragraph 11(b), below.  The Settlement Account shall remain the property of Defendant unless and until it is distributed in the manner provided in the Final Approval Order.  Defendant shall not be required to deposit into the Settlement Account more than the Gross Settlement Amount.

(b)     **Settlement Account**.  With respect to the Settlement Account, the Administrator shall open and administer the Settlement Account, calculate, withhold, remit, and report each Participating Settlement Class Member's share of applicable payroll taxes in connection with the settlement payment, and satisfy all tax reporting, return, and filing requirements with respect to the Settlement Account.  The Parties agree to cooperate with the Administrator and one another as necessary to effectuate the terms of this Settlement Agreement.  In no event shall the Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the Settlement Account except as expressly provided in this Agreement.

12.    **Distributions to Class Members**.

(a)    **Calculation of Distributions**.  Individual awards to Settlement Class Members will be calculated according to a formula based on: (1) the number of weeks during which a Settlement Class Member worked in an Eligible Position during the applicable Eligible Period, and (2) the total amount of salary and commission paid to a Class Member for his or her work in an Eligible Position during the applicable Eligible Period.

The formula shall determine the portion of the Net Settlement Amount due to each Settlement Class Member as follows:

(1)    For each calendar year between January 1, 2015 and July 1, 2018, where a Settlement Class Member earned less than $100,000 in gross compensation from salary and commissions, calculate the number of weeks—adjusted for paid time off, sick leave, and other absences—that each Settlement Class Member worked in an Eligible Position during the applicable Eligible Period;

(i)    For any Settlement Class Members who filed opt-in forms prior to April 19, 2018, any portion of the calendar year 2014 dating from three years prior to the filing of such Settlement Class Member's opt-in form in the Civil Action shall also be included.

(ii)    For any Settlement Class Members also eligible to participate in the settlement reached in Paul White, individually and on behalf of all those similarly situated v. Granite Telecommunications LLC, Civil Action No. 1:17-cv-03243-TWT, U.S. District Court, Northern District of Georgia (the "White Action") and who did not opt-out of that settlement, the period between January 1, 2015 and February 1, 2017 shall be excluded.

(2)    For each calendar year between January 1, 2015, and July 1, 2018, where a Settlement Class Member earned less than $100,000 in gross compensation from salary and commissions, calculate the Settlement Class Member's regular rate by adding the Settlement Class Member's gross compensation from salary and commissions during each such calendar year and dividing by 2,080 (or in the case of 2018, by dividing by 1040).

(3)    For each Settlement Class Member, multiply the results of the calculations in paragraph 12(a)(1) and paragraph 12(a)(2).

(4)    Calculate the sum of the results of the calculations in paragraph 12(a)(3) for all Settlement Class Members.

(5)    For each Settlement Class Member, divide the result of the calculations in paragraph 12(a)(3) by the sum calculated pursuant to paragraph 12(a)(4).

(6)    For each Settlement Class Member, multiply the result of the calculations in paragraph 12(a)(5) by the Net Settlement Amount.

(7)     Settlement Class Counsel shall have the ability to make limited adjustments to the result of the calculations in paragraph 12(a)(6), subject to Granite's approval of such adjustments, which approval will not be unreasonably opposed or withheld.

(c)     Payments to Settlement Class Members shall be subject to and reduced by any pending wage garnishment order, support order, tax lien or other court/governmental order impacting wage payments.  These offsets shall not reduce the total amount of the Settlement Fund.

(d)     **Incentive Payment to Settlement Class Representatives**.  Any incentive payments awarded by the Court shall be distributed, as specified in paragraph 5(d), by the Administrator in separate checks mailed contemporaneously with the mailing of Settlement Payments and shall be reported to state and federal taxing authorities as non-wage income on IRS Form 1099.

(e)     **Payments to Participating Settlement Class Members**.  To receive a share of the Net Settlement Amount and be considered a Participating Class Member, Settlement Class Members must return a Claim Form within forty-five (45) days after notice is mailed, as explained in paragraph 10(b).  The Administrator will withhold from payments to Participating Settlement Class Members taxes and other sums as required by state or federal law.  The Parties agree that 1/2 (one-half) of the award paid shall be treated as wages, and the remaining 1/2 (one-half) shall be treated as interest and/or liquidated damages for tax purposes.  Payments to Participating Settlement Class Members shall be mailed by the Administrator within fourteen (14) days of the Funding Date.

(f)     **Expiration of Settlement Checks**.  All checks issued by the Administrator shall expire one hundred and eighty (180) days after they are issued.  At the close of the 180-day period, the Administrator will issue a stop payment order on all un-cashed or returned checks.  In the event a Participating Settlement Class Member reports a lost or destroyed check within the 180-day period, the Administrator shall issue a stop order on the original check and issue a new check.  If a check is reported as lost or stolen during the final fifteen (15) days of the 180-day period, the Participating Settlement Class Member will receive an additional 15-day grace period to cash the check, but in no event will a check issued remain valid beyond one hundred ninety-five (195) days after the date the original check was issued.  A failure by a Participating Settlement Class Member to deposit or cash a check within the time period allotted shall have no effect on that individual's release of claims pursuant to paragraphs 1(m), 1(n), and 13.  Funds from any remaining un-cashed checks shall revert to the Defendant pursuant to paragraphs 3(e)-(g).

## RELEASE AND WAIVER

13.     **Class Release Language on Claim Forms**.  The claim form shall include the release of claims applicable to Settlement Class Members in the form set forth below.

In further consideration of the promises made in the Settlement Agreement, each Settlement Class Member hereby forever discharges and releases Granite Telecommunications, LLC, and each of Granite Telecommunications, LLC's

members, divisions, subsidiaries, affiliates, sibling entities, investors, predecessors and successors, current and former owners, directors, officers, fiduciaries, insurers, employees, attorneys, representatives, agents and all other related entities and each of their members, divisions, subsidiaries, affiliates, sibling entities, investors, predecessors and successors, current and former owners, directors, officers, fiduciaries, insurers, employees, attorneys, representatives, and agents (collectively, the "Released Parties"), from all actions, causes of actions, demands, damages, attorneys' fees, costs, loss of wages, benefits, interest, loss of earning capacity, mental anguish, pain and suffering, and any other relief permitted to be recovered on, related to, or in any way growing out of the overtime-related wage and hour claims that were asserted or could have been asserted in James Hair and Christopher Witkowski, individually and on behalf of all others similarly situated v. Granite Telecommunications, LLC, Civil Action No. 9:17-cv-81361-DLB (the "Civil Action") regarding events that occurred or are alleged to have occurred during the applicable Eligible Period, including (1) all overtime-related claims based on putative violations of any federal, state, or local constitution, statute, ordinance, or other law—including, but not limited to, the Massachusetts Wage Payment Statute, G.L. c. 149, §§148, 148A, 148B, 149, 150, 150A-150C, 151, 152 et seq., the Massachusetts Wage & Hour laws, G.L. c. 151, §1 et seq., and the applicable wage and hour laws of Florida, Illinois, New York, Pennsylvania, Rhode Island, or Texas—pertaining to or arising from misclassification, breaks, overtime payments, and/or any other wage and hour claims; (2) all other overtime-related wage and hour claims, whether arising under federal, state, or local law, including claims sounding in contract, tort, or common law related to or alleged to arise from misclassification, breaks, overtime payments, and/or any other wage and hour claims; and (3) claims for retaliation on any legal theory, whether arising under federal, state, or local law, based on the assertion of rights to overtime payments or any other relief arising from misclassification, breaks, and/or any other wage and hour claims (collectively, the "Released Claims").

To summarize without limiting the scope of the Released Claims: in exchange for the payment you will receive as part of this lawsuit, you agree to give up any claims you may have against Granite—or anyone associated with Granite—based in any way on any alleged failure to compensate you properly for all overtime hours you worked during the applicable Eligible Period.

For avoidance of doubt, if you are a member of the class in Granite Telecommunications, LLC v. Contino et al., Civil Action No. 2014-699, Massachusetts Superior Court, Norfolk County, the Released Claims do not include any overtime-related claims you may have for the time period from June 5, 2008 through May 7, 2014.

Notwithstanding the foregoing, if you are a member of the class in Paul White, individually and on behalf of all those similarly situated v. Granite Telecommunications LLC, Civil Action No. 1:17-cv-03243-TWT, U.S. District Court, Northern District of Georgia, the Released Claims do not include any

overtime-related claims you may have for the time period <u>from</u> January 1, 2015 <u>through</u> February 1, 2017.

14.     Upon entry of the Order of Final Approval (a copy of which is attached as <u>Exhibit B</u>), all claims for relief asserted in the Civil Action will be dismissed with prejudice and on the merits.  All such dismissals shall be without costs to any party.

15.     As of the entry date of the Order of Final Approval, the Plaintiffs, as Settlement Class Representatives, the Participating FLSA Settlement Class Members, the members of the State Law Settlement Class, and the Settlement Class Releasors, shall have, and by operation of the Order of Final Approval shall be deemed to have, completely, voluntarily, knowingly, unconditionally and forever, released, acquitted and discharged the Released Parties from the Released Claims.

16.     As of the entry date of the Order of Final Approval, the Plaintiffs, as Settlement Class Representatives, the Participating FLSA Settlement Class Members, the members of the State Law Settlement Class, and the Settlement Class Releasors, shall have, and by operation of the Order of Final Approval shall be deemed to have, released, waived and abandoned all rights to commence, institute or prosecute, and shall be forever barred and enjoined from commencing, instituting, participating in or prosecuting any Prohibited Action.

17.     As of the entry date of the Order of Final Approval, Plaintiff, as Settlement Class Representatives, the Participating FLSA Settlement Class Members, the members of the State Law Settlement Class, and the Settlement Class Releasors, shall have, and by operation of the Order of Final Approval shall be deemed to have, waived and relinquished, to the fullest extent permitted by law, any and all rights which may have the effect of nullifying or otherwise limiting the releases set forth herein.  Specifically, but not by way of limitation, even if Plaintiffs, as Settlement Class Representatives, the Participating FLSA Settlement Class Members, the members of the State Law Settlement Class, and/or the Settlement Class Releasors should later discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims after the Effective Date, they shall be deemed to have, by operation of the Court's Order of Final Approval, fully, finally, and forever settled and released those claims.

<u>C<small>ONFIDENTIALITY</small>/N<small>ON</small>-D<small>ISCLOSURE</small></u>

18.     <u>**Prior to Order of Preliminary Approval**</u>.

(a)     As a material inducement to this Agreement, and until the Court enters the Order of Preliminary Approval contemplated in paragraph 5(a), above, Plaintiff and Settlement Class Counsel agree to maintain in strict confidence the negotiations, facts and terms and conditions of this settlement and this Agreement.  Notwithstanding this provision, Settlement Class Counsel may communicate with Settlement Class Members in conformity with the terms of paragraph 9, above.

(b)     If inquiries arise concerning the Settlement (other than from Settlement Class Members) prior to the Court entering the Order of Final Approval contemplated in

paragraph 5(b), above, Plaintiff and Settlement Class Counsel may reply only that "the matter has been resolved," that "the Settlement is still subject to Court approval," and that "the Parties believe they have reached a fair and reasonable resolution," but shall make no other comment.

   (c) Nothing in this paragraph shall prevent Plaintiffs from discussing the Settlement privately with any of the following: Settlement Class Counsel; the Court; their personal attorneys in any other matter; or their financial advisors, tax consultants, and spouses so long as the recipient of the information agrees to keep the information confidential.

   19. **After Order of Preliminary Approval**.

   (a) After the Court enters the Order of Preliminary Approval, except for communications expressly permitted pursuant to this Agreement (including communications with Settlement Class Members expressly permitted by paragraph 9, above), Plaintiff and Settlement Class Counsel specifically agree that they will not publicize, discuss, disclose or in any way convey any information concerning the negotiation leading to this Settlement to anyone.

   Plaintiff and Settlement Class Counsel further specifically agree that they shall continue to maintain the confidentiality of any information or documents exchanged between the Parties during the negotiation process, which shall remain privileged and which were exchanged for purposes of settlement and compromise only, provided without prejudice to any party's legal and/or factual position, and are inadmissible for any purpose in this or any other legal proceeding, including but not limited to impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, or common law doctrine.

   (b) Plaintiff and Settlement Class Counsel further agree that they will not: (i) issue any press release relating to the Settlement; (ii) initiate or seek press coverage of the Settlement; or (iii) initiate any other public statement regarding the Settlement, except as provided in paragraph 19(c), below.  To the extent that Plaintiff or Settlement Class Counsel are contacted by members of the media about this Settlement or this Agreement, Plaintiff and Settlement Class Counsel may reply only that "the matter has been resolved," and that "the Parties believe they have reached a fair and reasonable resolution," but shall make no other comment.

   (c) Defendant agrees that Settlement Class Counsel may place the following information on its firm's website: "Settled lawsuit against a national communications company involving allegations of failure to pay overtime for over $500,000."

**OTHER PROVISIONS**

   20. **No Admission of Liability**.  Neither this Settlement Agreement (and any provisions contained therein) nor any negotiations, statements, or proceedings in connection therewith, shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, the Defendant, any Settlement Class Member, any Released Party or any other person or entity of any liability or wrongdoing by them, or any of them as to any claim alleged or asserted in the Civil Action or otherwise, and shall not be offered or received in evidence in any action or proceeding (except in an action or proceeding to enforce the terms and

17

conditions of the Agreement), or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs or any Settlement Class Member or any other person or entity, has or has not suffered any damage.

21.     **No Other Proceedings**.  Plaintiffs and Settlement Class Counsel represent and warrant that they have neither filed or instituted, nor caused to be filed or caused to be instituted, any other complaint, charge, action or other proceeding asserting any Released Claims against any Released Party in any fora, judicial, administrative, or otherwise, or before any other public official or entity.

22.     **Governing Law**.  This Agreement and all exhibits hereto and any related settlement document shall be governed and interpreted in accordance with the laws of the Commonwealth of Massachusetts, without regard to the conflict of law provisions thereof.

23.     **Complete Agreement**.  This Agreement, along with all exhibits hereto, constitutes the entire agreement and understanding of the Parties and supersedes any prior agreements or understanding between the Parties with respect to the Settlement.  The Settlement is not subject to any term or condition not contained in this Agreement.  In entering into this Agreement, no Party is relying on any promise, warranty, inducement, or representation other than those set forth in this Agreement.  All the Exhibits hereto are incorporated in and constitute an integral part of this Agreement.

24.     **Amendments**.  This Agreement may be amended or modified only by a written instrument signed by all Parties hereto.  No Party shall have any obligation whatsoever to proceed with the Settlement under any terms other than substantially in the form provided and agreed to in this Agreement.

25.     **Resolution of Disputes Regarding Settlement**.

(a)     **Prior to Final Approval of the Settlement**.  The Parties agree to resolve any dispute or disagreement between the Parties that may arise with respect to the Settlement prior to the Court's final approval of the Settlement through mediation with a mutually acceptable mediator.  In the event that the Parties are unable to resolve their dispute regarding the settlement in such a mediation, the mediator shall be empowered to make a final and binding resolution of the dispute.

(b)     **After Final Approval of the Settlement**.  After final approval of the Settlement, the Court shall retain jurisdiction for purposes of resolving any disputes under this Agreement.  Without affecting the finality of the Settlement or the Order of Final Approval, all Parties to this Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Agreement.

26.     **Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, transferees, and assigns, and upon any corporation or other entity with which any Party hereto may merge, consolidate, or reorganize.

27. **Cooperation in Drafting**.  This Agreement, together with any Exhibits, shall be deemed to have been mutually prepared by the Parties and shall not be construed against any of them by reason of authorship.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a Settlement that was reached voluntarily based upon adequate information, sufficient discovery, and after consultation with experienced legal counsel.

28. **Non-Waiver**.  The waiver by one Party of any breach of the Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

29. **Severability**.  If any part of this Agreement is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed, and enforced to effect the purposes thereof to the fullest extent permitted by law.  If one or more of the provisions contained in the Agreement shall for any reason be held to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent under the applicable law.

30. **Knowing and Voluntary Agreement**. Plaintiff and Settlement Class Counsel each agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance.  Plaintiffs further affirm that they have not been coerced, threatened, or intimidated into signing this Agreement; that they have been advised to consult with an attorney; and that they have in fact consulted with an attorney before signing this Agreement.  Settlement Class Counsel represents that they have conducted a thorough investigation into the facts of the Civil Action and have diligently pursued an investigation of the claims asserted on behalf of Settlement Class Members against the Defendant.  Based on their own independent investigation and evaluation, Settlement Class Counsel state that they are of the opinion that the settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class Members, in light of all known facts and circumstances, including the risks of significant delay and defenses asserted by Defendant.

31. **Notices**.  Any notices issued pursuant to the terms of this Agreement shall be sent to the Parties at the addresses of their respective counsel as follows.

For Plaintiffs and Settlement Class Members:     For Defendant:

Mitchell L. Feldman, Esq.                        T. Christopher Donnelly, Esq.
Benjamin Williams, Esq.                          Joshua N. Ruby, Esq.
Feldman Williams PLLC                            Donnelly, Conroy & Gelhaar LLP
6940 W. Linebaugh Avenue                         260 Franklin Street
Suite 101                                        Suite 1600
Tampa, FL 33626                                  Boston, MA 02110
P: (877) 946-8293                                P: (617) 720-2880

32.    **Time Periods**.  In the event that any time period described in this Agreement expires on a Saturday, Sunday or legal holiday, such time period shall be extended through the next subsequent business day.

33.    **Authority to Execute**.  Each of the individuals executing this Agreement warrants and represents that he or she has been duly authorized and empowered to (a) execute this Agreement on behalf of such Party and (b) take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

34.    **Execution in Counterparts**.  This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement provided that counsel for the Parties shall exchange among themselves original or electronic signed counterparts.

35.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**.  No person shall have any claim against Defendant or any of the Releasees, the FLSA Settlement Class Members, the members of the State Law Settlement Class, Settlement Class Counsel, Defendant's counsel, or the Administrator based on distributions or payments made in accordance with this Settlement Agreement.

**~~ Remainder of This Page Intentionally Left Blank ~~**

IN WITNESS WHEREOF, the Parties and Settlement Class Counsel, each voluntarily and without coercion, have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

**PLAINTIFFS / SETTLEMENT CLASS REPRESENTATIVES**
**(INDIVIDUALLY AND ON BEHALF OF THE SETTLEMENT CLASSES)**


James Hair                                    Christopher Witkowski

Date: _____                       Date: _____


**SETTLEMENT CLASS COUNSEL**

Feldman Williams, PLLC

By: Benjamin Lee Williams, Esq.

Date: June 21, 2018


**DEFENDANT**

Granite Telecommunications, LLC

By: Rand Currier, COO

Date: 6/20/18

IN WITNESS WHEREOF, the Parties and Settlement Class Counsel, each voluntarily and
without coercion, have caused this Agreement to be signed and entered under seal as of the
respective dates written below as their free acts and deeds.

### PLAINTIFFS / SETTLEMENT CLASS REPRESENTATIVES
### (INDIVIDUALLY AND ON BEHALF OF THE SETTLEMENT CLASSES)

Signature: *James C. Hair*

Email: jchair2717@gmail.com
James Hair

Christopher Witkowski

Date: _____          Date: _____

### SETTLEMENT CLASS COUNSEL

Feldman Williams, PLLC

By: _____

Date: _____

### DEFENDANT

Granite Telecommunications, LLC

By: Rand Currier, COO

Date: _____

IN WITNESS WHEREOF, the Parties and Settlement Class Counsel, each voluntarily and without coercion, have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

**PLAINTIFFS / SETTLEMENT CLASS REPRESENTATIVES**
**(INDIVIDUALLY AND ON BEHALF OF THE SETTLEMENT CLASSES)**

Signature: _____
Christopher Witkowski (Jun 21, 2018)

Email: cwitkowski21@gmail.com

_____
James Hair

Christopher Witkowski

Date: _____          Date: _____

**SETTLEMENT CLASS COUNSEL**

_____
Feldman Williams, PLLC

By:_____

Date: _____

**DEFENDANT**

_____
Granite Telecommunications, LLC

By: Rand Currier, COO

Date: _____

# EXHIBIT A

Exhibit A

## <u>NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT</u>

<u>James Hair and Christopher Witkowski, individually and on behalf of all others similarly situated v. Granite Telecommunications, LLC</u>, Civil Action No. 9:17-cv-81361-DLB, U.S. District Court, Southern District of Florida.

If you were employed at Granite Telecommunications, LLC ("Granite") as a salaried Senior Regional Account Manager, Industry Account Manager, Senior Industry Account Manager, National Account Manager, Senior National Account Manager, Enterprise Account Manager, Enterprise Client Manager, Senior Enterprise Client Manager, Relationship Development Manager, Senior Relationship Development Manager, or Relationship Development Associate in Granite's sales organization who sold and/or attempted to sell voice and/or data communications products and who earned less than $100,000 gross earnings from salary and commissions in a calendar year ("Eligible Position") for all or part of the time period between June 1, 2015 and July 1, 2018, **a proposed Class Action Settlement may affect your rights.**

*A Court has authorized this notice.  This is not a solicitation from a lawyer.*

- To qualify, you must meet the criteria described below.

- Your legal rights may be affected by this proposed settlement.

- Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## Please read this notice carefully.

### 1.  What is this case about?

Granite has agreed to resolve legal claims concerning the classification for overtime purposes of the Eligible Positions.  Specifically, the settlement resolves a lawsuit alleging that people working in the Eligible Positions were misclassified as "exempt" and were not paid overtime allegedly due to them under applicable law.  Granite has denied these allegations and maintains that its classification of Eligible Positions complied with all applicable laws.  The Court has not found that Granite did anything wrong or violated any laws.  Nevertheless, Granite and the Plaintiffs have reached an agreement to resolve the case on a class-wide basis without further litigation.

The agreement must be approved by the Court.  The named Plaintiffs and Granite have agreed to have all aspects of the case, including the approval of the settlement, heard by a United States Magistrate Judge.

**2.  Who is eligible to participate in the proposed settlement?**

The proposed settlement affects all individuals who worked in an Eligible Position during the applicable Eligible Period.  The applicable Eligible Periods are:

    (a)    for those who worked in an Eligible Position and who filed an opt-in consent form in the Civil Action on or before April 19, 2018, the period dating <u>from</u> three years prior to the filing of such Settlement Class Member's opt-in form in the Civil Action <u>through</u> July 1, 2018.

    (b)    for those who worked in an Eligible Position not subject to paragraph 2(a) and who worked as Enterprise Client Managers, Senior Enterprise Client Managers, Relationship Development Managers, or Senior Relationship Development Managers, the period dating <u>from</u> June 1, 2015 <u>through</u> January 1, 2017.

    (c)    for those not subject to paragraphs 2(a) or 2(b) above and who worked in an Eligible Position, the period dating <u>from</u> June 1, 2015 <u>through</u> July 1, 2018.

**3.  What are the settlement benefits?**

The total amount of the proposed settlement payout to individual Class Members is approximately $457,930.35 (the "Settlement Distribution Funds").  This amount is exclusive of: (a) $214,470.15, which will be used to pay Plaintiffs' attorneys' fees and costs, if approved by the Court; (b) incentive payments which will be made to the named Plaintiffs and certain individuals who have already opted into the lawsuit; and (c) additional payments to the named Plaintiffs in exchange for a general release of all claims of any kind the named Plaintiffs may have against Granite.

The Settlement Distribution Funds will be distributed to eligible employees in accordance with a formula agreed to by the parties and approved by the Court.  The formula takes into account the number of weeks each individual worked in an Eligible Position during the applicable Eligible Period and the amount earned in salary and commissions while working in an Eligible Position during the applicable Eligible Period.

If all Class Members submit claims, the gross payout to you is estimated to be $[_____].

**4.  What are my options?**

Depending on what state you worked for Granite in, your options are different.

If you worked for Granite in Georgia, you have two options:

*Submit a claim*.  You will receive money from the settlement *only if* you submit a valid and timely Claim Form.  The claims process is described in more detail below, and the Claim Form is included with this Notice.

*Do nothing*.  If you do nothing, you will get no money from this settlement.

If you worked for Granite in Florida, Illinois, Massachusetts, New York, Pennsylvania, Rhode Island, or Texas, you have four options:

*Submit a claim*.  You will receive money from the settlement *only if* you submit a valid and timely Claim Form.  The claims process is described in more detail below, and the Claim Form is included with this Notice.

*Request to opt-out*.  Unless you "Opt-Out" of the Settlement by sending a written, signed statement to Rust Consulting (the "Administrator") that you are opting out of the settlement so that it is received by the Administrator by _____, you will be bound by the terms of the Settlement, whether or not you timely submit a Claim Form Package.  The opt-out request must be mailed to the Administrator at the following address:

[  ]

*Do nothing*.  If you do nothing, you will remain in the class, but you will get no money from this settlement.  All of the Court's orders will apply to you, and you will not be able to file your own lawsuit about the claims in this case, but you will still be bound by the settlement and by the Release set forth on the enclosed Claim Form.

*Object*.  You may object to the settlement by mailing a written objection postmarked no later than 14 days prior to the final approval hearing. Your objection must be in writing, and must include a statement of the objection, as well as the specific reasons you are objecting to the settlement.  The objection also must include your full name, dates of employment at Granite Telecommunications, LLC, address, and telephone number.  In addition, you must personally sign the objection.  Notwithstanding the filing of an objection, if you do not submit a valid Claim Form, you will get no money from this settlement.  All of the Court's orders will apply to you, and you will not be able to file your own lawsuit about the claims in this case, but if the Court approves the settlement notwithstanding your objection, you will still be bound by the settlement and by the Release set forth on the enclosed Claim Form.  The objection must be mailed to the Administrator at the following address:

[  ]

**5.  How do I make a claim and receive a settlement payment?**

3

You can make a Claim to receive a settlement payment by filling out and signing the enclosed Claim Form.  You must review the information on the Claim Form, sign and date the Claim Form, and then return the form to the Administrator in the enclosed envelope.  In order to be valid and effective, the Claim Form must be unaltered, signed, dated, and postmarked in a timely manner.  The payment that you receive will be taxable as income and a portion of the payment is subject to ordinary withholdings.  **In order to participate in and receive a payment from the settlement, your completed Claim Form must be postmarked no later than 45 days after the mailing of this notice packet to** [_____]**.**

IT IS YOUR RESPONSIBILITY TO KEEP THE ADMINISTRATOR INFORMED OF ANY CHANGE OF ADDRESS OR CHANGE OF NAME.

**6.  I have heard about other cases that might affect me.  If I make a claim and receive a settlement payment in this case, could I still be a member of the class in one of those other cases?**

Yes.  If you worked at Granite as a Regional Account Manager ("RAM") between January 1, 2015 and February 1, 2017, you may have received a notice earlier this year about your ability to receive a settlement payment as part of a resolution of legal claims against Granite concerning the classification for overtime purposes of RAMs raised in a different case, titled Paul White, individually and on behalf of all those similarly situated v. Granite Telecommunications LLC, Civil Action No. 1:17-cv-03243-TWT, U.S. District Court, Northern District of Georgia (the "Georgia Action").  If you were eligible to participate in the Georgia Action, then making a claim in this case will not affect your right to receive a settlement payment in the Georgia Action.

In addition, if you worked at Granite between June 5, 2008 and May 7, 2014, you may also be a member of the class in a different case, captioned as Granite Telecommunications, LLC v. Contino et al., Civil Action No. 2014-699, Massachusetts Superior Court, Norfolk County (the "Massachusetts Action").   The claims in the Massachusetts Action include overtime claims similar to the ones raised in the Georgia Action and in this case, as well as claims relating to payment of sales commissions that were not raised in the Georgia Action or in this case.  If you are a member of the class in the Massachusetts Action, then making a claim in this case will not affect your ability to receive any compensation you may ultimately be entitled to as part of the Massachusetts Action.

**7.  When will the final settlement approval hearing occur?**

There will be a court hearing on [DATE] at [TIME], at the U.S. District Court for the Southern District of Florida.  The Court is located at:

Paul G. Rogers Federal Building and U.S. Courthouse

4

701 Clematis Street
West Palm Beach, FL 33401

You do not have to attend the final settlement approval hearing, though you are welcome to do so.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  If the Court finds that the settlement is fair, reasonable, and adequate, it will enter final approval of the settlement.

If the Court enters final approval of the settlement, the settlement will become fully final and effective on the first business day after the Court's order of final approval is no longer subject to any further appeal or other review by another court (the "Effective Date").

**8.  How can I get additional information?**

DO NOT TELEPHONE THE COURT ABOUT THIS CASE OR THE SETTLEMENT.  THEY WILL BE UNABLE TO HELP YOU.

*If you have questions, you may direct them to the Administrator at:*


Phone: [_____]

*Or to Settlement Class Counsel at:*

Mitchell L. Feldman, Esq.
Benjamin Williams, Esq.
Feldman Williams PLLC
6940 W. Linebaugh Avenue
Suite 101
Tampa, FL 33626
P: (877) 946-8293

*You may also visit [website address TBD] for more information and to submit a Claim Form electronically.*

## **CLAIM FORM & RELEASE**

James Hair and Christopher Witkowski, individually and on behalf of all others similarly situated v. Granite Telecommunications, LLC, Civil Action No. 9:17-cv-81361-DLB, U.S. District Court, Southern District of Florida.

In order to participate in the settlement that is described in the Notice of Proposed Class and Collective Action Settlement that accompanies this form, you must complete and submit this claim form to:

[_____]

In order to ensure that you receive your settlement payment, completed claim forms **must be postmarked no later than 45 days after the mailing of this Claim Form & Release to you.**

Personal Information (please print clearly):

Name:_____

Home Address:_____

Home/Mobile Phone:_____

**TO QUALIFY FOR A SHARE OF THE SETTLEMENT, YOU MUST SIGN ON THE LINE ON THE FOLLOWING, CERTIFYING THAT YOU ARE A MEMBER OF THE CLASS AND THAT YOU AGREE TO BE BOUND BY THE RELEASE OF CLAIMS THAT APPEARS ON THE BACK OF THIS SHEET**

*PLEASE TURN OVER AND SIGN AND DATE THE BACK OF THIS SHEET*

6

**DO NOT ALTER THE LANGUAGE BELOW.  If you alter this language, your claim form will not be valid and will not be accepted.**

<u>Release of Claims</u>

In further consideration of the promises made in the Settlement Agreement, each Settlement Class Member hereby forever discharges and releases Granite Telecommunications, LLC, and each of Granite Telecommunications, LLC's members, divisions, subsidiaries, affiliates, sibling entities, investors, predecessors and successors, current and former owners, directors, officers, fiduciaries, insurers, employees, attorneys, representatives, agents and all other related entities and each of their members, divisions, subsidiaries, affiliates, sibling entities, investors, predecessors and successors, current and former owners, directors, officers, fiduciaries, insurers, employees, attorneys, representatives, and agents (collectively, the "Released Parties"), from all actions, causes of actions, demands, damages, attorneys' fees, costs, loss of wages, benefits, interest, loss of earning capacity, mental anguish, pain and suffering, and any other relief permitted to be recovered on, related to, or in any way growing out of the overtime-related wage and hour claims that were asserted or could have been asserted in <u>James Hair and Christopher Witkowski, individually and on behalf of all others similarly situated v. Granite Telecommunications, LLC</u>, Civil Action No. 9:17-cv-81361-DLB (the "Civil Action") regarding events that occurred or are alleged to have occurred during the applicable Eligible Period, including (1) all overtime-related claims based on putative violations of any federal, state, or local constitution, statute, ordinance, or other law—including, but not limited to, the Massachusetts Wage Payment Statute, G.L. c. 149, §§148, 148A, 148B, 149, 150, 150A-150C, 151, 152 *et seq.*, the Massachusetts Wage & Hour laws, G.L. c. 151, §1 *et seq.*, and the applicable wage and hour laws of Florida, Illinois, New York, Pennsylvania, Rhode Island, or Texas—pertaining to or arising from misclassification, breaks, overtime payments, and/or any other wage and hour claims; (2) all other overtime-related wage and hour claims, whether arising under federal, state, or local law, including claims sounding in contract, tort, or common law related to or alleged to arise from misclassification, breaks, overtime payments, and/or any other wage and hour claims; and (3) claims for retaliation on any legal theory, whether arising under federal, state, or local law, based on the assertion of rights to overtime payments or any other relief arising from misclassification, breaks, and/or any other wage and hour claims (collectively, the "Released Claims").

To summarize without limiting the scope of the Released Claims: in exchange for the payment you will receive as part of this lawsuit, you agree to give up any claims you may have against Granite—or anyone associated with Granite—based in any way on any alleged failure to compensate you properly for all overtime hours you worked during the applicable Eligible Period.

For avoidance of doubt, if you are a member of the class in <u>Granite Telecommunications, LLC v. Contino et al.</u>, Civil Action No. 2014-699,

Massachusetts Superior Court, Norfolk County, the Released Claims do not include any overtime-related claims you may have for the time period <u>from</u> June 5, 2008 <u>through</u> May 7, 2014.

Notwithstanding the foregoing, if you are a member of the class in <u>Paul White, individually and on behalf of all those similarly situated v. Granite Telecommunications LLC</u>, Civil Action No. 1:17-cv-03243-TWT, U.S. District Court, Northern District of Georgia, the Released Claims do not include any overtime-related claims you may have for the time period <u>from</u> January 1, 2015 <u>through</u> February 1, 2017.

**By signing below, I declare and verify that I have read this Claim Form, that I agree to opt in to become a plaintiff in this lawsuit, and that I agree to participate in the Settlement on the terms described herein, including the Release of Claims provision set forth above.**

**I further certify that I was employed in an Eligible Position at some time during the applicable Eligible Period.**

_____
(Signature)

Dated: _____

8

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

JAMES HAIR and CHRISTOPHER
WITKOWSKI, individually, and on
behalf of all those similarly situated,

          Plaintiffs,

v.

GRANITE TELECOMMUNICATIONS,

          Defendant.

CIVIL ACTION NO.
NO.: 9:17-cv-81361-DLB

## FINAL ORDER APPROVING CLASS AND COLLECTIVE ACTION SETTLEMENT

WHEREAS, after a full final approval and fairness hearing, and having reviewed the Settlement Agreement, and it appearing to the Court that, upon examination, the Settlement Agreement and settlement terms are fair, reasonable, and adequate:

**IT IS HEREBY ORDERED THAT:**

1.      The Settlement Agreement, and the settlement terms contained therein are approved as fair, reasonable and adequate.  The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement.

2.      The Court approves and certifies the following classes pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and Federal Rule of Civil Procedure 23, as applicable, for purposes of settlement only (collectively, the "Settlement Classes"):

      a.   The class consisting of (1) any and all persons employed by Granite in an Eligible Position for the applicable Eligible Period, and (2) any and all persons who filed an opt-in consent form in the Civil Action on or before April 19, 2018 (the "FLSA Settlement Class").

b.  The class consisting of any and all members of the FLSA Settlement Class employed by Granite subject to the laws of Florida, Illinois, Massachusetts, New York, Pennsylvania, Rhode Island, or Texas at any time during the applicable Eligible Period (the "State Law Settlement Class"), unless removed from the State Law Settlement Class by timely opting-out of the Settlement.

c.  For purposes of defining the classes identified above, the term "Eligible Position" means a salaried Senior Regional Account Manager, Industry Account Manager, Senior Industry Account Manager, National Account Manager, Senior National Account Manager, Enterprise Account Manager, Enterprise Client Manager, Senior Enterprise Client Manager, Relationship Development Manager, Senior Relationship Development Manager, or Relationship Development Associate in Defendant's sales or network integration organizations who sold and/or attempted to sell voice and/or data communications products or services and who earned less than $100,000 gross earnings from salary and commissions in a calendar year.

d.  For purposes of defining the classes identified above, the term "Eligible Period" means:

    i.  for those Settlement Class Members who filed an opt-in consent form in the Civil Action on or before April 19, 2018, the period dating from three years prior to the filing of such Settlement Class Member's opt-in form in the Civil Action through July 1, 2018.

    ii.  for Settlement Class Members not subject to paragraph 2(d)(i), *supra*, and who worked as Enterprise Client Managers, Senior Enterprise

2

Client Managers, Relationship Development Managers, or Senior

Relationship Development Managers, the period dating from June 1,

2015 through January 1, 2017.

 iii. for Settlement Class Members not subject to paragraph 2(d)(i) or

paragraph 2(d)(iii), *supra*, the period dating from June 1, 2015 through

July 1, 2018.

3. For purposes of effectuating this settlement, the Court concludes: (a) that the

Settlement Classes are so numerous that joinder of all members is impracticable; (b) that there

are questions of law and of fact common to the Settlement Classes; (c) that the claims of James

Hair and Christopher Witkowksi (the "Settlement Class Representatives") are typical of the

claims of the Settlement Classes; (d) that the Settlement Class Representatives will fairly and

adequately protect the interests of the Settlement Classes; (e) that the questions of law or fact

common to the members of the Settlement Classes predominate over the questions affecting only

individual members; and (f) that certification of the Settlement Classes is superior to other

available methods for the fair and efficient adjudication of the controversy.

4. Payments to Settlement Class Members shall be made in accordance with the

terms set forth in Paragraphs 2, 3, 11, and 12 of the Settlement Agreement.

5. The Settlement Class Representatives shall each receive an incentive payment of

$5,000.

6. Any Settlement Class Members—other than Settlement Class Representatives—

who filed opt-in consent forms in this action on or before April 19, 2018 shall receive an

incentive payment of $2,500 each.

7.      Plaintiffs' Class Counsel shall be awarded attorneys' fees and costs equal to

$_____.

8.      Pursuant to paragraph 14 of the Settlement Agreement, all claims for relief

asserted in this action are hereby dismissed, on the merits and with prejudice.  Judgment shall

enter accordingly.

9.      This Court shall retain jurisdiction of this action for purposes of overseeing the

settlement.


DATED: _____

                                                                    _____