**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| JAMES HAIR and CHRISTOPHER WITKOWSKI, individually, and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRANITE TELECOMMUNICATIONS,<br><br>Defendant. | CIVIL ACTION NO.<br>NO.: 9:17-cv-81361-DLB |

**FINAL ORDER APPROVING CLASS AND COLLECTIVE ACTION**
**SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

WHEREAS, after a full final approval and fairness hearing held on November 9, 2018, and having reviewed the Settlement Agreement, and it appearing to the Court that, upon examination, the Settlement Agreement and settlement terms are fair, reasonable, and adequate, it is hereby **ORDERED** that Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement and Approval of Attorney's Fees [DE 67] is **GRANTED** as follows:

1. The Settlement Agreement [DE 67-1], and the settlement terms contained therein are approved as fair, reasonable and adequate. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement.

2. The Court approves and certifies the following classes pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and Federal Rule of Civil Procedure 23, as applicable, for purposes of settlement only (collectively, the "Settlement Classes"):

    a. The class consisting of (1) any and all persons employed by Granite in an Eligible Position for the applicable Eligible Period, and (2) any and all

persons who filed an opt-in consent form in the Civil Action on or before April 19, 2018 (the "FLSA Settlement Class").

b. The class consisting of any and all members of the FLSA Settlement Class employed by Granite subject to the laws of Florida, Illinois, Massachusetts, New York, Pennsylvania, Rhode Island, or Texas at any time during the applicable Eligible Period (the "State Law Settlement Class").

c. For purposes of defining the classes identified above, the term "Eligible Position" means a salaried Senior Regional Account Manager, Industry Account Manager, Senior Industry Account Manager, National Account Manager, Senior National Account Manager, Enterprise Account Manager, Enterprise Client Manager, Senior Enterprise Client Manager, Relationship Development Manager, Senior Relationship Development Manager, or Relationship Development Associate in Defendant's sales or network integration organizations who sold and/or attempted to sell voice and/or data communications products or services and who earned less than $100,000 gross earnings from salary and commissions in a calendar year.

d. For purposes of defining the classes identified above, the term "Eligible Period" means:

   i. for those Settlement Class Members who filed an opt-in consent form in the Civil Action on or before April 19, 2018, the period dating from three years prior to the filing of such Settlement Class Member's opt-in form in the Civil Action through July 1, 2018.

        ii. for Settlement Class Members not subject to paragraph 2(d)(i), *supra*, and who worked as Enterprise Client Managers, Senior Enterprise Client Managers, Relationship Development Managers, or Senior Relationship Development Managers, the period dating from June 1, 2015 through January 1, 2017.

        iii. for Settlement Class Members not subject to paragraph 2(d)(i) or paragraph 2(d)(ii), *supra*, the period dating from June 1, 2015 through July 1, 2018.

3. For purposes of effectuating this settlement, the Court concludes: (a) that the Settlement Classes are so numerous that joinder of all members is impracticable; (b) that there are questions of law and of fact common to the Settlement Classes; (c) that the claims of James Hair and Christopher Witkowksi (the "Settlement Class Representatives") are typical of the claims of the Settlement Classes; (d) that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Classes; (e) that the questions of law or fact common to the members of the Settlement Classes predominate over the questions affecting only individual members; and (f) that certification of the Settlement Classes is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Payments to the Settlement Class Members shall be made in accordance with the terms set forth in Paragraphs 2, 3, 11 and 12 of the Settlement Agreement.

5. The Settlement Class Representatives (Messrs. Hair and Witkowski) shall each receive an incentive payment of $5,000.00

6. The following Settlement Class Members shall receive an incentive payment of $2,500.00 each:

      a. Nicholas James Eddy
      b. Kathryn Gill
      c. Timothy Gray
      d. Kris Holt
      e. Dorothy Kidari
      f. Vladimir Kolodyazhnyi
      g. Thomas Krumenaker
      h. Cameron McMillan
      i. Tommy Morgado
      j. Todd Nigro
      k. Gary Orr
      l. Jeremy Roberts
      m. Naton Wells

7. Plaintiffs' Class Counsel shall be awarded attorneys' fees and costs of $214,470.15.

8. Pursuant to paragraph 14 of the Settlement Agreement, all claims for relief asserted in this action are hereby **DISMISSED WITH PREJUDICE** on the merits. Judgment shall enter accordingly.

9. This Court shall retain jurisdiction of this action for purposes of overseeing the settlement.

10. The Clerk shall **CLOSE THIS CASE.**

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of November, 2018.

*[signature]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE